FILED
United States Court of Appeals
Tenth Circuit

January 24, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY MCINTOSH,

Defendant - Appellant.

No. 16-3259
(D.C. Nos. 2:15-CV-02909-KHV and
2:11-CR-20085-KHV-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

While an inmate at Leavenworth federal prison, Rodney McIntosh hit prison employees with urine and other liquid substances and spit on them.[1] He was indicted for nine counts of assault involving physical contact in violation of 18 U.S.C. § 111(a)(1) and convicted by a jury of all but one. His conduct earned him a sentence of 144 months imprisonment.[2] We affirmed his convictions and sentences and the Supreme Court denied certiorari review. *See United States v. McIntosh*, 573 F. App'x 760 (10th Cir.)

---

[1] According to the evidence he also threatened to squirt feces on them.

[2] At the time of sentencing, McIntosh had completed the sentence he had been serving when he committed the instant offenses. However, he remained in custody pending trial in this case.

(unpublished), *cert. denied*, 135 S. Ct. 768 (2014).

McIntosh filed a 28 U.S.C. § 2255 motion and 38 related pleadings raising myriad claims. The district judge considered them all and denied the § 2255 motion in a detailed 45-page order. McIntosh seeks to appeal from the denial but needs a certificate of appealability (COA) to do so. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (a COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus). The judge denied a COA so he renews his request here.

COAs may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). McIntosh must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). When, as here, a district court's ruling rests on procedural grounds, it must be upheld unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his COA application and opening brief, McIntosh makes various arguments relating to the indictment, the jury instructions, and his sentence. He also claims the witnesses presented perjured testimony, alleges an ex post facto claim, and says the government committed prosecutorial misconduct during closing argument. But, as the district judge decided, these claims are procedurally barred because he could have but did

not raise them on direct appeal.[3] *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) ("Section 2255 is not available to test the legality of matters which should have been raised on appeal.") (quotation marks omitted). "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id*.

Here, McIntosh makes a broad statement blaming his attorney for not raising the claims on direct appeal. *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) ("A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice for purposes of surmounting the procedural bar."). But the only specific claim is that appellate counsel should have challenged the judge's failure to instruct the jury on the lesser included offense of misdemeanor "simple assault" under 18 U.S.C. § 111(a)(1). We restrict our review to that issue because the others are not sufficiently developed.

The district judge decided appellate counsel was not ineffective because McIntosh was not entitled to such instruction. She concluded misdemeanor "simple assault" is not a lesser included offense of "assault involving physical contact"—the indicted felony offense—because "simple assault" requires a willful attempt or a threat to inflict injury

---

[3] Before trial McIntosh moved to dismiss the indictment because the prison employees discarded their clothing thereby depriving him of evidence. The motion was denied. On direct appeal he sought reversal on that issue but otherwise raised no merits challenge to his conviction. His appeal was mainly restricted to sentencing matters. The sentencing issues mentioned in his § 2255 motion are different from those he raised on direct appeal.

and "assault involving physical contact" does not require an intent to cause bodily injury.

But since her decision in this case, we clarified that assault, i.e., "a willful attempt to inflict injury upon the person of another, or a threat to inflict injury upon the person of another," is an element of every conviction under § 111(a) including misdemeanor "simple assault" and felony "assault involving physical contact." *United States v. Wolfname*, 835 F.3d 1214, 1216, 1218 (10th Cir. 2016). The only elemental difference between the two offenses is the latter's requirement of physical contact. *Id.* at 1218; *see also United States v. Hathaway*, 318 F.3d 1001, 1008-09 (10th Cir. 2003) ("in the context of § 111, the definition of 'simple assault' is assault which does not involve actual physical contact"; "the only difference between a felony offense and a misdemeanor offense under § 111(a) is the nature of the assault"). Thus, for purposes of § 111(a)(1), "simple assault" is a lesser included offense of "assault involving physical contact." *See Schmuck v. United States*, 489 U.S. 705, 716 (1989) ("[An] offense is [a lesser-included offense of the charged offense if] the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no [lesser-included-offense] instruction is to be given . . . .").

Despite the intervening clarification of our precedent, the result here was proper. McIntosh was not entitled to a "simple assault" instruction because the element differentiating the two offenses—physical contact—was not in dispute at trial. *See United States v. Moore*, 108 F.3d 270, 272 (10th Cir. 1997) (a defendant is entitled to a lesser included offense instruction if, among other things, "the elements differentiating

- 4 -

the two offenses are in dispute"). The government's argument and supporting evidence were clear and simple: McIntosh hit prison employees with bodily fluids. McIntosh denied doing so; he did not rely on an absence of physical contact. Thus, the evidence at trial did not warrant an instruction on "simple assault"—"the evidence only allowed the jury to decide that [McIntosh] either did or did not participate in [assault involving physical contact on the prison employees]." *See United States v. Espinoza*, 277 F. App'x 789, 792 (10th Cir. 2008) (unpublished). Because a lesser included offense instruction was not warranted by the evidence, counsel was not constitutionally ineffective for not raising this issue on direct appeal (the only specific claim presented for our consideration).[4] *See Cannon v. Mullin*, 383 F.3d 1152, 1177 (10th Cir. 2004) (failure to raise meritless claims is not ineffective assistance).

McIntosh also claims he is actually innocent. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *See McQuiggin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924, 1928 (2013). But actual innocence claims are rarely successful.[5] *Id.*; *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995). As the district judge decided, this case is no exception. McIntosh claims the prison employees lied at trial and the videotape evidence did not support their allegations. But a viable claim of

_____

[4] McIntosh has not claimed trial counsel was ineffective for not requesting a "simple assault" instruction.

[5] That is true, in large measure, because actual innocence is confused with technical innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency.") (quotation marks omitted).

actual innocence requires a petitioner "to support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—*that was not presented at trial*." *Schlup*, 513 U.S. at 324 (emphasis added). McIntosh provides no new evidence.[6]

Because the result reached by the district judge is not reasonably debatable, we **DENY** a COA and **DISMISS** this matter. The district judge allowed McIntosh to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*). But only prepayment of fees is excused, not the fees themselves. *See* 28 U.S.C. § 1915(a). McIntosh is required to pay all filing and docketing fees ($505.00). Payment must be made to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[6] McIntosh claims the judge abused her discretion in denying him discovery to prove his actual innocence claim. But he sought only a copy of a prison videotape, which was presented at trial. That is not new evidence.