**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODNEY MCINTOSH,

    Defendant - Appellant.

Nos. 17-3109 & 17-3138
(D.C. No. 2:11-CR-20085-KHV-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATES OF APPEALABILITY**[*]
_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

In these appeals, Rodney McIntosh challenges the district court's rulings on

two motions that he filed after the district court denied his initial motion seeking

relief under 28 U.S.C. § 2255. The district court dismissed the first motion for lack

of jurisdiction and denied the second motion on the merits. Under our controlling

precedent, the district court should have deemed both of Mr. McIntosh's motions as

second or successive § 2255 motions. As such, we lack jurisdiction to entertain

either appeal unless he first obtains a certificate of appealability (COA). Treating

Mr. McIntosh's appellate filings as requests for COAs, we conclude that his motions

faced a clear procedural bar because the district court lacked subject matter

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction to consider them. We therefore deny Mr. McIntosh's requests for COAs and dismiss these appeals, with instructions to the district court to vacate its decisions.

## I.    Background

Mr. McIntosh was convicted of "eight counts of forcibly assaulting prison employees during his incarceration at the United States Penitentiary in Leavenworth, Kansas," in violation of 18 U.S.C. § 111(a)(1). *United States v. McIntosh*, 573 F. App'x 760, 761 (10th Cir. 2014). We affirmed his convictions and sentence on appeal. *Id.* at 765. After the district court denied his initial motion to vacate his sentence under § 2255, we denied a COA and dismissed his appeal. *United States v. McIntosh*, 676 F. App'x 792, 793, 795 (10th Cir. 2017).

Shortly thereafter, Mr. McIntosh filed a Motion to Set Aside Pursuant to 5 U.S.C. § 706(2)(A) (Motion to Set Aside). He asked the district court to set aside his convictions and order his immediate release, arguing that the court erred in denying a jury-instruction claim he had raised in his first § 2255 motion. *See McIntosh*, 676 F. App'x at 794 (noting district court's holding that Mr. McIntosh was not entitled to a jury instruction on simple assault as a lesser included offense). At Mr. McIntosh's request, the district court explicitly declined to construe this motion as filed under § 2255. R., Vol. IV at 36 n.1.[1] The court did hold, on other grounds, that it lacked jurisdiction to consider the motion. It concluded that § 706(2)(A),

---

[1] Citations to the record are to the record on appeal filed in Appeal No. 17-3138.

2

a provision of the Administrative Procedures Act (APA), was not an independent basis for the court to vacate Mr. McIntosh's criminal convictions, nor was the court authorized to modify his sentence under 18 U.S.C. § 3582(c) or Fed. R. Crim. P. 35 or 36. The district court therefore dismissed the motion for lack of jurisdiction. Mr. McIntosh challenges the dismissal of his Motion to Set Aside in Appeal No. 17-3138. The government moves to dismiss this appeal for lack of appellate jurisdiction because the motion, although styled differently, was an unauthorized successive § 2255 motion.

Mr. McIntosh next filed a Motion to Compel Proof of Jurisdiction or Dismiss for Lack of the Same Pursuant to Fed. R. Civ. P. 60(b)(4) (Motion to Compel/Dismiss). He asked the district court to compel the government to provide proof that the court had jurisdiction to prosecute him. Alternatively, he argued that the judgment was void and should be dismissed for lack of jurisdiction. Citing *Adams v. United* States, 319 U.S. 312 (1943), Mr. McIntosh contended that the district court lacked jurisdiction to prosecute him because "the United States had not accepted jurisdiction over the lands upon which the crime was committed," R., Vol. IV at 38. The district court "overrule[d]" Mr. McIntosh's jurisdictional contention "[f]or substantially the reasons stated in prior orders and on the record." *Id.* at 43. Mr. McIntosh challenges the district court's denial of his Motion to Compel/Dismiss in Appeal No. 17-3109.

3

## II.  Discussion

### A.  Mr. McIntosh Must Obtain a COA to Appeal the District Court's Orders Dismissing and Denying his Motions

"Where required, a COA is a prerequisite to this court's exercise of jurisdiction, and 28 U.S.C. § 2253(c)(1)(B) plainly requires petitioners to obtain a COA to appeal any final order in a proceeding under section 2255." *United States v. Springer*, __F.3d__, 2017 WL 5247785, at *2 (10th Cir. Nov. 13, 2017) (internal quotation marks omitted).  Mr. McIntosh argues that the district court's rulings on his motions were not final orders in a § 2255 proceeding because he did not seek relief under § 2255.  But he filed the motions after the district court denied his first § 2255 motion.  And "[a] prisoner's post-judgment motion"—however styled—"is treated like a second-or-successive § 2255 motion . . . if it asserts or reasserts claims of error in the prisoner's conviction." *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

If Mr. McIntosh had sought to correct errors in the previously conducted § 2255 proceeding itself, we would not characterize his motions as successive under § 2255. *See id*. at 1206.  But he did not:  in each motion he asserted or reasserted claims of error in his convictions under 18 U.S.C. § 111(a)(1).  In his Motion to Set Aside, he asked the district court to set aside his convictions based on a jury-instruction error; in his Motion to Compel/Dismiss, he asked the court to dismiss his convictions based on a lack of jurisdiction.  The fact that Mr. McIntosh labeled his motions as filed under the APA and Rule 60(d)(4) does not change our analysis,

4

because "[i]t is the relief sought, not the pleading's title, that determines whether the pleading is a § 2255 motion." *Id.* at 1207 (brackets and internal quotation marks omitted). Therefore, although styled differently, both of Mr. McIntosh's motions were second or successive motions seeking relief under § 2255.[2]

The government construes Mr. McIntosh's Motion to Compel/Dismiss, in part, as a motion to compel discovery. Even so, he sought discovery in support of a request for relief under § 2255. In denying the entire motion, the district court entered a final order in a § 2255 proceeding. As such, Mr. McIntosh cannot appeal any part of the order without first obtaining a COA. *See Dulworth v. Jones*, 496 F.3d 1133, 1136 (10th Cir. 2007) ("[I]n our judgment all appeals from final orders in habeas cases, of whatever type, should be required to meet the COA standard to proceed.").

Accordingly, because the district court was proceeding under § 2255, Mr. McIntosh must obtain a COA before this court can review the district court's orders dismissing and denying his motions. *See Springer*, 2017 WL 5247785, at \*2.

**B.      We Deny Mr. McIntosh's Request for a COA in Each of His Appeals**

The district court failed to treat either of Mr. McIntosh's motions as proceeding under § 2255, and he does not expressly seek a COA from this court. But we construe his notices of appeal as requests for COAs. *See id.* at \*9.

---

[2] Mr. McIntosh asserts that he is entitled to notice before a court construes his motions as filed under § 2255. But this restriction on recharacterization applies only to initial § 2255 motions. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

5

When a district court denies a § 2255 motion on the merits, our COA inquiry typically focuses on whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But where, as in Appeal No. 17-3109, the district court summarily denies a successive § 2255 motion on the merits, despite the absence of authorization, we must first assess our own jurisdiction. That is, we must decide whether a COA should issue. And we may deny a COA if there is a plain procedural bar to habeas relief, even if the district court did not invoke that bar. *See Springer*, 2017 WL 5247785, at \*9. We apply this rule to Appeal No. 17-3109 because the district court denied the successive § 2255 motion on the merits while lacking jurisdiction to do so.

The district court denied Appeal No. 17-3138 for lack of jurisdiction (albeit on grounds other than the absence of authorization to consider a second or successive § 2255 motion). When a district court dismisses a § 2255 motion for lack of jurisdiction, we apply the two-part COA test applicable to procedural rulings, asking if "jurists of reason would find it debatable" (1) "whether the petition states a valid claim of the denial of a constitutional right" *and* (2) "whether the district court was correct in its procedural ruling." *Id.* (internal quotation marks omitted). Under this latter test, "we may deny a COA by proceeding first to resolve the issue whose answer is more apparent from the record." *Id.* (internal quotation marks omitted). We apply this COA standard in Appeal No. 17-3138 because the district court dismissed Mr. McIntosh's Motion to Set Aside for lack of jurisdiction.

6

We deny a COA in each of Mr. McIntosh's appeals because both of his motions would fail under "a plain procedural bar"; consequently, "a reasonable jurist could not conclude . . . that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack*, 529 U.S. at 484. We can deny a COA where there is a plain procedural bar to relief even when the district court did not invoke that bar. *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("In general, we have discretion to affirm on any ground adequately supported by the record." (brackets and internal quotation marks omitted)). Thus, we have denied a COA based on a plain procedural bar where the district court dismissed the claim on a different ground. In *Davis*, we applied the "in custody" requirement for habeas relief under 28 U.S.C. § 2241 to deny a COA on a claim that the district court had dismissed as time-barred. *Id.* at 833-34. We have also denied a COA on this basis where the district court denied the claims on the merits. In *Springer*, we applied a jurisdictional bar to deny a COA where the district court failed to treat a motion as proceeding under § 2255 and, without this court's authorization, summarily denied a successive claim on the merits. 2017 WL 5247785, at *10-11.

The procedural bar we applied in *Springer* also precludes a COA in Mr. McIntosh's appeals. As here, the prisoner in *Springer* had previously filed an initial § 2255 motion, making his subsequent motion subject to the statutory constraints on filing a second or successive motion. *Id.* at *10. "One such constraint precludes a petitioner from filing a second or successive § 2255 motion unless he first obtains an order from the appropriate court of appeals authorizing the district

7

court to consider the motion." *Id.* at *11 (internal quotation marks omitted). Section 2255(h) imposes this authorization requirement on second or successive § 2255 motions. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A). Circuit court authorization is jurisdictional; therefore, a district court lacks jurisdiction to consider the merits of an *un*authorized § 2255 motion. *Springer*, 2017 WL 5247785, at *11. Thus, when the district court summarily denied Mr. McIntosh's Motion to Compel/Dismiss on the merits rather than dismissing it as unauthorized, it acted without subject matter jurisdiction. *See id.* And although the district court relied on an incorrect basis for doing so, it properly dismissed his Motion to Set Aside for lack of jurisdiction.

Under these circumstances, reasonable jurists could not debate whether the district court lacked jurisdiction to consider both of Mr. McIntosh's motions. Therefore, even though the district court did not rely on it, we deny a COA in each of his appeals based on this jurisdictional procedural bar. *See id.*

## III.    Conclusion

We deny a COA in Appeal Nos. 17-3109 and 17-3138.  We dismiss both appeals, with instructions to the district court to vacate its decisions.  We deny as moot the government's motion to dismiss Appeal No. 17-3138.[3]

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[3] We decline to exercise our discretion to construe Mr. McIntosh's appeals as requests for authorization.  *Springer*, 2017 WL 5247785, at *11 n.12.