**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RODNEY MCINTOSH,

     Defendant - Appellant.

No. 17-3195
(D.C. Nos. 2:17-CV-2483-KHV &
2:11-CR-20085-KHV-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **MORITZ**, Circuit Judges.
_____

Rodney McIntosh, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal from the district court's denial of various motions that he

filed after the district court denied his 28 U.S.C. § 2255 motion. On those issues

requiring a COA, we deny a COA. On those issues that do not require a COA, we deny a

COA as unnecessary and affirm on the merits.

In 2013, Mr. McIntosh was convicted of eight counts of forcibly assaulting prison

employees at the United States Penitentiary in Leavenworth, Kansas and sentenced to

144 months in prison. On direct appeal, we affirmed his convictions and sentence.

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*United States v. McIntosh*, 573 F. App'x 760 (10th Cir. 2014). He filed a motion under 28 U.S.C. § 2255, which the district court denied, and we denied him a COA. *United States v. McIntosh*, 676 F. App'x 792 (10th Cir. 2017). He then filed two additional motions in district court seeking relief from his convictions or release from incarceration, which the district court denied or dismissed. We treated these motions as unauthorized second or successive motions seeking relief under §2255, and denied a COA. *United States v. McIntosh*, ___F. App'x___, Nos. 17-3109, 17-3138, 2017 WL 5899770, at *2-*3 (10th Cir. Nov. 29, 2017). In addition, we recently denied his motion for authorization to file a second or successive § 2255 motion. *In re McIntosh*, No. 18-3006 (10th Cir. Jan. 25, 2018).

Mr. McIntosh now seeks a COA to appeal from additional post-judgment orders. Given his many district-court filings, we must first determine our appellate jurisdiction.

Mr. McIntosh has filed two notices of appeal. In the first, he appeals from the district court's orders denying his Fed. R. Civ. P. 44 motion for a copy of his indictment, and his motion to reconsider that denial. In the second, he appeals from that portion of the district court's memorandum order of August 22, 2017, that denied his motion for an FBI or Attorney General investigation of his case under 28 U.S.C. § 535. Neither of his notices of appeal sought review of any other portions of the August 22 order. Nor did the notices of appeal purport to appeal from any other order of the district court. In his application for COA and opening brief Mr. McIntosh makes no substantive arguments concerning these rulings. Accordingly, his challenges to these orders are waived and will not be further considered. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007)

2

("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

We turn to the other motions Mr. McIntosh discusses in his combined brief and application for COA, which are not mentioned in his notices of appeal. He complains that the district court wrongly denied his motion under Rule 60(b), his Rule 59(e) motion, his writ petition under 28 U.S.C. § 1651, and his motion to recuse the district court judge under 28 U.S.C. § 455.

We lack jurisdiction to consider the district court's denial of the Rule 60(b) motion because Mr. McIntosh filed no notice of appeal or other document we could construe as a notice of appeal within the appeal period. *See Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016). The other three motions or petitions (under Rule 59(e), 28 U.S.C. § 1651, and 28 U.S.C. § 455) were denied in the district court's later order of October 18, 2017. Within the time period for appeal from that order, Mr. McIntosh filed his combined opening brief and application for COA. We may construe this filing as an amended notice of appeal from the denial of these motions. *See Kimzey v. Flamingo Seismic Solutions, Inc.*, 696 F.3d 1045, 1049-50 (10th Cir. 2012) (construing opening brief as amended notice of appeal).

The COA requirement applies only to "final orders that dispose of the merits of a habeas corpus proceeding." *Harbison v. Bell*, 556 U.S. 180, 183 (2009); *see also United States v. Pickard*, 733 F.3d 1297, 1301 n.2 (10th Cir. 2013) (COA not required to appeal district court's decision denying a motion to unseal DEA records). To establish his entitlement to a COA concerning such issues, Mr. McIntosh must make a "substantial

3

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must show that reasonable jurists would find the district court's assessment of his constitutional claims to be debatable or wrong. *See United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017).

The order denying recusal under 28 U.S.C. § 455 is a collateral order that does not require a COA for appeal. *See Harbison*, 556 U.S. at 183. We therefore deny a COA as unnecessary. We review the denial of a recusal motion for an abuse of discretion. *See United States v. Wells*, 873 F.3d 1241, 1250 (10th Cir. 2017). In his opening brief, Mr. McIntosh presents a series of frivolous, scurrilous, inappropriate, and intemperate assertions to support his motion to recuse the district court judge, none of which establish an abuse of discretion. We therefore affirm the denial.

Mr. McIntosh's petition for relief under 28 U.S.C. § 1651 (the All Writs Act) argued that his sentence violated his due process rights. This argument is sufficiently related to the merits of Mr. McIntosh's § 2255 proceedings to require a COA. *See Harbison*, 556 U.S. at 183. However, notwithstanding his protests to the contrary, this petition also constitutes an unauthorized second or successive motion under § 2255, because it "attacks the judgment of conviction or sentence when a prior motion has already done so." *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1268 (10th Cir. 2015). Because the petition was unauthorized, *see* 28 U.S.C. § 2255(h), the district court lacked jurisdiction to adjudicate its merits. We therefore deny COA and dismiss the appeal concerning this issue. We further instruct the district court to vacate its order denying the § 1651 petition on the merits. *See id.* at 1269; *Springer*, 875 F.3d at 982-83.

4

Finally, the Rule 59(e) motion sought reconsideration of the district court's determination that Mr. McIntosh's Rule 60(b) motion was untimely. The Rule 59(e) motion, which addressed a procedural issue involving the prior 60(b) motion, was neither second or successive, nor required a COA under *Harbison*. We therefore deny a COA as unnecessary. But we affirm the district court's order, because Mr. McIntosh has failed to show the district court erred in denying the motion. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996) ("[W]hen Rule 60(b)(1) is used to challenge a substantive ruling by the district court, we have required that such a motion be filed within the time frame required for the filing of a notice of appeal.").

We deny COA and dismiss the appeal from Mr. McIntosh's petition for relief under 28 U.S.C. § 1651. We instruct the district court to vacate its order denying the § 1651 petition on the merits. We deny a COA as unnecessary on the district court's orders (1) denying recusal and (2) denying Mr. McIntosh's Rule 59(e) motion, but affirm the district court's disposition of those motions on the merits.

We deny Mr. McIntosh's motion to proceed in forma pauperis and order him to immediately remit the unpaid balance due of the filing fee.

Entered for the Court
Per Curiam

5