369 So.2d 96 (1979)
STATE of Florida, Appellant,
v.
Thomas POWER, Appellee.
No. 78-1865.
District Court of Appeal of Florida, Second District.
March 23, 1979.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
H. Michael Evans, Clearwater, for appellee.
DANAHY, Judge.
Appellant, the State of Florida, contends that the trial court erred in granting the motion to dismiss filed by appellee Thomas Power who was the defendant in the court below. We agree.
After appellee filed his motion to dismiss an information charging him with grand theft in the second degree in violation of Section 812.014(2)(b), Florida Statutes (1977), the state filed a sworn traverse which specifically denied a material portion of the factual allegations contained in the motion. Fla.R.Crim.P. 3.190(d) states that "A motion to dismiss under paragraph (c)(4) of this rule shall be denied if the State files a traverse which denies under oath a material fact alleged in the motion to dismiss." Accordingly, the trial court should have denied appellee's motion. State v. Wardlow, 356 So.2d 901 (Fla. 2d DCA 1978).[1]
We reverse the trial court's order and remand the case for further proceedings consistent with this opinion.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] We also note in passing that appellee presented his factual allegations by way of deposition testimony from several witnesses. This led to inconsistencies in appellee's facts and thus made the case one which did not lend itself to disposition by a motion to dismiss since a motion to dismiss is ordinarily granted in a typical case only when all the relevant facts are clear.