400 So.2d 1322 (1981)
STATE of Florida, Appellant,
v.
Benny Lee GREEN, Appellee.
No. 80-1427.
District Court of Appeal of Florida, Fifth District.
July 15, 1981.
*1323 Jim Smith, Atty. Gen., Tallahassee, and James Dickson Crock, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The appellee, Benny Lee Green, was charged with resisting arrest with violence. He moved to have the information against him dismissed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The trial court granted the motion, and the state appeals.
The factual background of this issue is as follows: three deputies came to Green's home to arrest him on probable cause for the aggravated battery of his girlfriend. While it is disputed as to whether or not the deputies entered the home with the consent of Green, that point is not involved on this appeal. One of the deputies, unidentified in Green's motion, held one of Green's arms to handcuff him. With his other arm, Green held onto the doorknob of the front door or the door itself. When told to let go, Green began "wiggling and struggling" in an effort to free himself. Deputy Lockwood, who had been guarding the back door of the residence, put a choke hold on Green, causing Green and Deputies Lockwood and Phillips to fall. Green was then handcuffed.
Subsequently, Green was charged with resisting arrest with violence, in violation of section 843.01, Florida Statutes (1979). Specifically, the information charged that Green did
unlawfully, wilfully, and knowingly resist, obstruct or oppose [Deputy Volkerson] in the lawful execution of his duty, to-wit: the arrest of [Green] for the offense of aggravated battery by offering or doing violence to the person of the said officer.
The state basically demurred to Green's motion, adding only that the victim of the aggravated battery lived with Green, and that based upon what she had told them, the deputies had probable cause to arrest Green for aggravated battery.
Essentially, the issue before this court is whether the facts presented by both sides, taken together, either (1) fail to establish a prima facie case of the charge of resisting arrest with violence, or (2) do establish a valid defense to that charge. Camp v. State, 293 So.2d 114 (Fla. 4th DCA), cert. denied, 302 So.2d 413 (Fla. 1974); State v. Giesy, 243 So.2d 635 (Fla. 4th DCA 1971).[1] The facts set out in Green's (c)(4) motion and the state's response to it are susceptible of an interpretation that establishes such a prima facie case. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla. 1977); State v. DeJerinett, 283 So.2d 126 (Fla. 2d DCA), cert. denied, 287 So.2d 689 (Fla. 1973). The trial court therefore erred by granting Green's motion to dismiss.
Green's motion states that he "wiggled and struggled" when the deputies attempted to handcuff him. The ambiguity of this description prevents a determination by the trial court that Green's resistance was or was not, as a matter of law, with violence.[2] If, based on the undisputed facts, a jury question exists, a (c)(4) motion to dismiss should not be granted. Ellis v. State; State v. DeJerinett; See also State v. Power, 369 So.2d 96 (Fla. 2d DCA 1979).
Moreover, where the relevant and undisputed facts are not clear, a (c)(4) motion *1324 should not be granted. The rule is that upon a motion to dismiss, the state is entitled to the construction most favorable to it, and all inferences are resolved against the defendant. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Fetherolf, 388 So.2d 38 (Fla. 5th DCA 1980); State v. DeJerinett. Construed in the light most favorable to the state, the facts establish a prima facie case of resisting arrest with violence, which was not negated by the movant.
Since this case must be reversed and remanded because the facts do not establish, as a matter of law, that Green's actions did not constitute "violence," it is unnecessary for this court to determine whether or not the arrest was legal. The order of the trial court is reversed, and this cause is remanded for further proceedings below.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] A valid defense can either establish an affirmative defense or negate a prima facie element.
[2] One cannot use violence to resist even an unlawful arrest. Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978).