BOOTH, Judge,
dissenting.
I dissent from the majority’s determination that, as a matter of law, appellant was incapable of violence because his hands and feet were bound together. Officer Harris testified that once at the jail, appellant squirmed, struggled, and threatened officers. Officer Cook testified that appellant was belligerent, specifically, cussing, yelling, and “just kind of out of control.” He continued to struggle so that he could not be uncuffed and had to be carried, still squirming, into the jail. I believe these facts provide sufficient evidence from which the jury could infer that the appellant committed the crime charged. Cf., State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981) (defendant’s motion to dismiss, which stated that he “wiggled and struggled” when police officers attempted to handcuff him, established a prima facie ease of resisting arrest with violence).
I also take issue with the majority’s determination that as a matter of law, appellant did not have “the capacity to achieve [the] result” of his violent threats. In addition to the aforementioned evidence, it was not unreasonable for the jury to infer that appellant could have bitten an officer.[1] He could have “butted” with his head. Capacity to commit violence was a factual question for the jury.
In short, I find no error in the trial court’s denial of appellant’s motion for judgment of acquittal and would affirm.

. Appellant had previously bitten Officer Cook, but due to a faulty charging document, the trial court ruled that appellant’s actions prior to his arrival at the jail were not the basis of the charges.