[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13360
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80013-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRESNER TELUSME,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 8, 2016)

Before HULL, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Presner Telusme is a federal prisoner serving a 180-month sentence for

possession of a firearm by a convicted felon.  On appeal, Telusme challenges his

designation as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), claiming that he does not have the three requisite qualifying predicate convictions. After a careful review of the record and the parties' briefs, we affirm Telusme's sentence.

## I. BACKGROUND

In 2015, a federal grand jury indicted Telusme for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Telusme pled guilty to possessing the firearm that year and a probation officer prepared a presentence investigation report ("PSI"). The PSI assigned Telusme a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) and gave him a 2-level increase under U.S.S.G. § 2K2.1(b)(4)(A) because the firearm involved in the offense was stolen. The PSI further reported that Telusme qualified as an armed career criminal because he had these three predicate felony convictions under Florida law: (1) one conviction for resisting an officer with violence, in violation of Fla. Stat. § 843.01; and (2) two convictions for sale of cocaine, in violation of Fla. Stat. § 893.13(1)(a).

According to the PSI, Telusme's conviction for resisting an officer with violence occurred during a traffic stop. An officer pulled Telusme over and, as the officer approached the vehicle, Telusme put the car in reverse and attempted to run over the officer. Afterward, Telusme tried to ram the patrol car and flee from the

2

scene.  Telsume eventually abandoned his car when it spun out, and he continued fleeing on foot.  When the officer caught up to him, Telusme swung his fists and kicked at the officer.  Telusme did not object to these facts in the PSI.

Due to Telusme's designation as an armed career criminal, his offense level increased to 33, pursuant to U.S.S.G. § 4B1.4.  With a 3-point reduction for acceptance of responsibility, his total offense level was 30.  Telusme had 19 prior convictions, resulting in 20 criminal history points and a criminal history category of VI.  Taking this together, his advisory guidelines range was 180 to 210 months' imprisonment.

Telusme did object to the PSI based on a claim that he did not have enough qualifying prior convictions to support an ACCA enhancement.[1]  Telusme argued that resisting an officer with violence did not qualify as a "violent felony" under the elements clause in the ACCA because the crime did not contain a "heightened or particularized intent" element with respect to the use of force.  Telusme recognized that his argument was foreclosed by United States v. Romo-Villalobos, 674 F.3d 1246 (11th Cir. 2012), but stated that he wished to preserve it for future review.

---

[1]The PSI also stated that Telusme had two convictions for fleeing or attempting to elude under Fla. Stat. § 316.1935(2), which could serve as ACCA-predicate offenses.  Both times, Telusme was driving on a suspended license and fled when officers conducted a traffic stop.  However, by the time of sentencing, the U.S. Supreme Court had invalidated the residual clause, and the government conceded that the Florida crime of fleeing or attempting to elude was no longer a violent felony.  See Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).

At the sentencing hearing, Telusme added that the Florida statute criminalizing resisting an officer with violence did not require sufficient "violent force" to qualify as an ACCA-predicate offense. Telusme also claimed that Romo-Villalobos was wrongly decided and abrogated by recent Supreme Court precedent.

As to his two Florida sale of cocaine convictions, Telusme contended in his objections to the PSI that sale of cocaine was not an ACCA "serious drug offense" because Florida's drug statute, Fla. Stat. § 893.13, did not contain a mens rea element as to the illicit nature of the substance sold. Telusme recognized, however, that his mens rea argument was foreclosed by United States v. Smith, 775 F.3d 1262 (11th Cir. 2014), and stated that he was raising the claim to preserve it for further review.

The district court overruled Telusme's objections and sentenced him to 180 months, which was the low end of his advisory guidelines range. Telusme now appeals his sentence.

## II. DISCUSSION

Normally, a defendant convicted of being a felon in possession of a firearm faces a 120-month maximum sentence. 18 U.S.C. § 924(a)(2). However, under the ACCA, when the defendant has 3 prior convictions "for a violent felony or a serious drug offense," he faces an enhanced statutory penalty of 180 months to life.

Id. § 924(e)(1).  Whether a defendant's prior convictions are ACCA-predicate offenses is a question this Court reviews de novo.  See United States v. Robinson, 583 F.3d 1292, 1294 (11th Cir. 2009).

## A.    Sale of Cocaine

The ACCA defines a "serious drug offense" as, inter alia, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).  Under Florida law, it is a crime to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."  Fla. Stat. § 893.13(1)(a).

In Smith, this Court held that a violation of Fla. Stat. § 893.13(1) is a "serious drug offense" under § 924(e)(2)(A)(ii) of the ACCA.  775 F.3d at 1268. This Court pointed out that "[n]o element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied by" the ACCA's definition of "serious drug offense."  Id. at 1267.  The Smith Court determined that the ACCA's definition was not ambiguous and, therefore, the rule of lenity did not require it to imply a mens rea element.  Id.  As such, this Court has already rejected Telusme's arguments against using his sale of cocaine convictions as ACCA-predicate offenses.

5

Telusme asks us not to follow <u>Smith</u>, though, because he believes that the <u>Smith</u> Court did not consider, or properly consider, the implications of <u>Begay v. United States</u>, 553 U.S. 137, 128 S. Ct. 1581 (2008), in reaching its holding. Of course, <u>Smith</u> was decided in 2014, well after <u>Begay</u>, and is binding circuit law. See <u>In re Lambrix</u>, 776 F.3d 789, 794 (11th Cir. 2015) (stating that this Court has "categorically rejected an overlooked reason or argument exception to the prior-panel-precedent rule").

We also reject Telusme's argument that two other post-<u>Smith</u> Supreme Court cases, <u>Elonis</u>[2] and <u>McFadden</u>,[3] have abrogated <u>Smith</u>. Those cases did not involve the ACCA at all, much less the definition of a "serious drug offense" under the ACCA.

In sum, we conclude that the district court did not err by using Telusme's two Florida sale of cocaine convictions to increase his statutory maximum penalty under the ACCA.[4]

---

[2]<u>Elonis v. United States</u>, 575 U.S. ___, 135 S. Ct. 2001 (2015) (holding that 18 U.S.C. § 875(c), which criminalizes the transmission of threatening communications in interstate commerce, requires the government to prove that the defendant was aware of the threatening nature of the communication).

[3]<u>McFadden v. United States</u>, 576 U.S. ___, 135 S. Ct. 2298 (2015) (holding that the Controlled Substance Analogue Enforcement Act of 1986 requires the government to prove that the defendant knew that he was dealing with a controlled substance).

[4]The parties contest which standard of review applies to Telusme's <u>Smith</u> claims, with the government arguing that Telusme invited any error. We do not resolve this issue because, even applying <u>de novo</u> review as we do above, Telusme's arguments fail.

6

## B.    Resisting an Officer with Violence

Under the ACCA's elements clause, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year . . . [that] has as an element the use, attempted use, or threatened <u>use of physical force against the person of another</u>."  18 U.S.C. § 924(e)(2)(B)(i) (emphasis added).  Under Florida law, "[w]hoever knowingly and willfully resists, obstructs, or opposes any officer . . . in the execution of legal process or in the lawful execution of any legal duty, <u>by offering or doing violence to the person of such officer</u> . . . is guilty of a felony of the third degree."  Fla. Stat. § 843.01 (emphasis added).

In <u>United States v. Hill</u>, this Court concluded that the Florida crime of resisting an officer with violence, in violation of § 843.01, is a "violent felony" under the ACCA's elements clause.  799 F.3d 1318, 1322-23 (11th Cir. 2015) (relying on <u>Romo-Villalobos</u>, 674 F.3d at 1251, which held that resisting an officer with violence is a "crime of violence" under the analogous elements clause in the Sentencing Guidelines).  The <u>Hill</u> Court observed that Florida's courts have held that violence is an essential element of the crime.  <u>Id.</u> at 1322.

Telusme argues that <u>Moncrieffe v. Holder</u>, 596 U.S. ___, 133 S. Ct. 1678 (2013), <u>Descamps v. United States</u>, 570 U.S. ___, 133 S. Ct. 2276 (2013), and <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 125 S. Ct. 377 (2004), establish that resisting an officer with violence does not qualify as an ACCA-predicate offense, but all three

cases were decided before <u>Hill</u>, a 2015 case directly on point, and none of the cases involved the Florida statute here.  See <u>In re Lambrix</u>, 776 F.3d at 794.

Moreover, the crux of Telusme's argument is that <u>Moncrieffe</u> and <u>Descamps</u> require this Court to consider a Florida state case, <u>State v. Green</u>, 400 So. 2d 1322 (Fla. Dist. Ct. App. 1981), in evaluating the degree of violence required for a conviction under Fla. Stat. § 843.01.  Telusme argues that <u>Green</u> allows a § 843.01 conviction based on the <u>de minimis</u> force of wiggling and struggling.  However, as Telusme admits, the <u>Romo-Villalobos</u> Court already considered <u>Green</u> and rejected this argument.  See <u>Romo-Villalobos</u>, 674 F.3d at 1249 (noting that, in <u>Green</u>, a Florida appellate court reversed the trial court's order of dismissal when the defendant moved pretrial to dismiss the § 843.01 charge on the ground that he merely wiggled and struggled, but concluding that—given the posture of <u>Green</u> and the appellate court's need to construe all evidence in the state's favor at the dismissal stage—<u>Green</u> did not establish that <u>de minimis</u> force was sufficient to establish a violation of § 843.01).  Under our precedent, resisting an officer with violence under § 843.01 is an ACCA "violent felony," and the district court correctly sentenced Telusme as an armed career criminal.

### III.  CONCLUSION

For all of the foregoing reasons, we affirm Telusme's 180-month sentence.

**AFFIRMED.**

8