**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

PAUL AMA,

     Defendant - Appellant.

No. 16-4039
(D.C. Nos. 2:15-CV-00737-TS and
2:11-CR-00056-TS-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

---

Defendant-Appellant Paul Tauese Ama appeals from the district court's

ultimate denial of his 28 U.S.C. § 2255 motion. The district court held that Mr.

Ama has three prior convictions that constitute violent felonies under the Armed

Career Criminal Act (ACCA), making a 15-year statutory minimum sentence

under the ACCA proper. Ama v. United States, 149 F. Supp. 3d 1323 (D. Utah

2016). On appeal, Mr. Ama contends that none of his prior convictions were

violent felonies. Exercising jurisdiction under 28 U.S.C. § 1291, we remand to

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

the district court to vacate his sentence and resentence.

Background

In 2011, Mr. Ama pled guilty to unlawfully possessing a firearm, which carries a 10-year statutory maximum. 18 U.S.C. § 924(a)(2). The presentence report calculated a Sentencing Guidelines range of 168 to 210 months, based on a determination that Mr. Ama was an armed career criminal who had three prior convictions for "violent felonies" under 18 U.S.C. § 924(e). Those three prior convictions included assault by a prisoner in violation of Utah Code Ann. § 76-5-102.5, attempted robbery in violation of Utah Code Ann. § 76-6-301, and assault on a federal employee in violation of 18 U.S.C. § 111. Consequently, the 10-year statutory maximum became a 15-year statutory minimum under the ACCA, see 18 U.S.C. § 924(e)(1), and Mr. Ama was sentenced to 180 months' (or 15 years') imprisonment.

After the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague in Johnson v. United States (Johnson II), 135 S. Ct. 2551 (2015), Mr. Ama filed a pro se motion to vacate his sentence under § 2255, arguing he was no longer an armed career criminal. The court, however, denied his motion, reasoning that Johnson II did not apply retroactively and that Mr. Ama's appeal had been waived. Ama v. United States, Nos. 2:15-CV-737 TS, 2:11-CR-56 TS, 2015 WL 6159132 (D. Utah Oct. 19, 2015).

Mr. Ama then obtained counsel, who filed a motion to alter or amend the judgment, arguing that the district court had the authority to apply Johnson II retroactively and that the appeal waiver did not apply because Mr. Ama's sentence was beyond the statutory maximum. Although the government did not challenge the retroactivity of Johnson II, it contended that Mr. Ama's sentence was proper even after Johnson II. The government argued that Mr. Ama's three prior convictions qualified as violent felonies under the ACCA because each had as an element the use, attempted use, or threatened use of force against another person.

The district court subsequently vacated its ruling as to retroactivity, but reaffirmed its denial of the § 2255 motion. Specifically, the court concluded that all three of Mr. Ama's prior convictions were violent felonies, and therefore the original sentence was proper. Ama, 149 F. Supp. 3d at 1328–31.

Discussion

Whether a prior conviction qualifies as a violent felony under the ACCA is a legal question that we review de novo. United States v. Ridens, 792 F.3d 1270, 1272 (10th Cir. 2015).

A.     The ACCA Enhancement

According to the ACCA, a violent felony is any crime punishable for imprisonment for a term exceeding one year that "has as an element the use,

-3-

attempted use, or threatened use of physical force against the person of another."

18 U.S.C. § 924(e)(2)(B)(i).[1]  "Physical force" in this context "means *violent*

*force* — that is, force capable of causing physical pain or injury to another

person."  Johnson v. United States (Johnson I), 559 U.S. 133, 140 (2010).  Where,

as the district court determined here, a defendant has "three previous convictions

. . . for a violent felony or a serious drug offense, or both," the ACCA

enhancement — a mandatory minimum term of 15 years — applies.  18 U.S.C.

§ 924(e)(1).

## B.     The Categorical and Modified Categorical Approaches

To determine whether a prior conviction is a violent felony under the

ACCA, courts generally employ the categorical approach.  Descamps v. United

States, 133 S. Ct. 2276, 2281 (2013); see also United States v. Lindsey, 827 F.3d

733, 738–39 (8th Cir. 2016) (analyzing the ACCA's physical-force clause under

the categorical approach).  This approach dictates that courts "look only to the

statutory definitions — *i.e.*, the elements — of a defendant's prior offenses, and

*not* to the particular facts underlying those convictions" to determine whether an

---

[1]  The ACCA's definition of a violent felony also includes any crime
punishable by imprisonment for a term exceeding one year that "is burglary,
arson, or extortion, involves use of explosives, or otherwise involves conduct that
presents a serious potential risk of physical injury to another."  18 U.S.C.
§ 924(e)(2)(B)(ii).  Because Mr. Ama's sentence was not enhanced based on prior
convictions for these enumerated offenses and the ACCA's residual clause was
struck down in Johnson II, 135 S. Ct. at 2563, only the ACCA's physical-force
clause is at issue here.

-4-

offense qualifies as a violent felony.  Descamps, 133 S. Ct. at 2283 (internal quotation marks and citation omitted).

Courts employ the modified categorical approach, however, when a prior conviction is based on a "divisible statute," or one that "sets out one or more elements of the offense in the alternative," that includes both violent and non-violent conduct, and the court cannot tell, without reviewing something more, if the conviction was based on elements that require violent conduct.  Id. at 2281–84.  The Supreme Court has emphasized that the statutory phrases listed in the alternative must be elements, not means.  Mathis v. United States, 136 S. Ct. 2243, 2256 (2016).  When the modified categorical approach is required, courts may look to a "limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  Id. at 2249; see also Shepard v. United States, 544 U.S. 13, 26 (2005) (indicating the limited documents include the charging instrument, the plea agreement and colloquy, and "some comparable judicial record").  The specific facts underlying the crime, however, are irrelevant.  Mathis, 136 S. Ct. at 2248.

**C.    18 U.S.C. § 111**

One of Mr. Ama's three prior convictions was for an assault on a federal officer in 2000 in violation of 18 U.S.C. § 111.  At that time, the statute stated:

**(a) In general.**  — Whoever —

-5-

**(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

**(2)** forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.

**(b) Enhanced penalty.** — Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 111 (2000).

As we have previously held, § 111 creates three distinct offenses. Section 111(a) proscribes two: (1) a misdemeanor simple assault that does not involve actual physical contact, and (2) a felony assault that involves actual physical contact or the intent to commit certain felonies, but does not result in bodily injury or involve the use of a deadly or dangerous weapon. United States v. Hathaway, 318 F.3d 1001, 1006–09 (10th Cir. 2003). Section 111(b) proscribes the third: a felony assault that involves a weapon or results in bodily injury. Id. at 1008.

>    *1.    Determining the § 111 Offense Underlying Mr. Ama's Conviction*

First, we must determine which of these three offenses underlies Mr. Ama's

§ 111 conviction. The government conceded that § 111 as a whole is not categorically a violent felony and maintained that the modified categorical approach applies to determine which offense Mr. Ama committed. See Aplee. Br. at 44; 1 R. 56. After all, a misdemeanor simple assault necessarily cannot constitute a violent felony. And because § 111 enumerates elements of three different offenses, not all of which are violent, it is a divisible statute and the modified categorical approach applies. See Descamps, 133 S. Ct. 2281–84.

The parties seem to agree that Mr. Ama's conviction was for the § 111(a) felony, which would obviate the need to apply the modified categorical approach. Aplt. Reply Br. at 14; see Aplee. Br. at 44–46. However, the government's brief is not entirely clear on this point, as it refers generally to Mr. Ama's conviction "of the § 111 felony" without specifying § 111(a) or (b). Therefore, out of an abundance of caution, we will apply the modified categorical approach to determine which § 111 offense underlies Mr. Ama's conviction.

This approach enables us to look to other documents to determine the specific offense and the elements underlying Mr. Ama's § 111 conviction. The indictment for Mr. Ama's § 111 conviction expressly states that he was charged with violating § 111(a)(1). Indictment at 2, United States v. Ama, No. 2:00-CR-474-TC (D. Utah Oct. 11, 2000), ECF No. 1. And the amended judgment makes clear that Mr. Ama's sentence for the offense was 36 months' imprisonment, thereby demonstrating that his conviction was for the § 111(a) felony. See

Amended Judgment at 1, <u>United States v. Ama</u>, No. 2:00-CR-474-TC (D. Utah June 30, 2003), ECF No. 58.

### 2. *Determining Whether the § 111(a) Felony is a Violent Felony*

The next question is whether the § 111(a) felony constitutes a violent felony under the ACCA. Section 111(a)(1) imposes a criminal penalty when someone "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" a federal employee or officer while he or she is performing official duties.

On appeal, the government argues that Mr. Ama's conviction qualifies as a violent felony under a modified categorical approach, as the district court found. <u>See</u> Aplee. Br. at 44. It further argues that "forcibly" modifies all six of the verbs in the statute, thereby demonstrating that a § 111(a) felony conviction necessarily requires "forcible" conduct and thus qualifies as a violent felony under the ACCA. <u>See</u> <u>id.</u> at 45–46.

The Supreme Court's decision in <u>Mathis</u>, however, makes clear that the government's first argument is unavailing. The modified categorical approach cannot be used to determine which of the alternative means were used to commit an offense. <u>See</u> <u>Mathis</u>, 136 S. Ct. at 2257. Unlike § 111 as a whole, § 111(a)(1) is not divisible, because "forcibly assaults, resists, opposes, impedes, intimidates, or interferes" are not elements, but alternative means of committing the actus-reus element of the offense. 18 U.S.C. § 111(a)(1); <u>cf.</u> <u>Mathis</u>, 136 S. Ct. at 2249 (indicating that a list of "various factual ways of committing some component of

-8-

the offense" is a set of means, not elements).  Thus, contrary to the district court's analysis, see Ama, 149 F. Supp. 3d at 1330–31, the modified categorical approach cannot be used to determine which of the six means Mr. Ama pled guilty to employing to commit the offense, see Mathis, 136 S. Ct. at 2257.

The government's second argument — that the § 111(a) felony is a violent felony because it requires forcible conduct — also fails.  As an initial matter, the government does not appear to have raised this argument below.  See 1 R. 55–57.  Nevertheless, the government's argument fails on the merits, because the § 111(a) felony only requires force, not *violent* force, as required by Johnson I, 559 U.S. at 140, to constitute a violent felony under the ACCA.  United States v. Dominguez-Maroyoqui, 748 F.3d 918, 921 (9th Cir. 2014).

The term "forcibly," even if it extends to all six of the means enumerated in § 111(a)(1), does not necessitate the level of force required in Johnson I.  As this court recognized in United States v. Romero-Hernandez, an offense may be forcible even in the absence of physical force.  505 F.3d 1082, 1089 (10th Cir. 2007) (interpreting the word "forcible" as used in the definition of "crime of violence" in the application notes to U.S. Sentencing Guidelines § 2L1.2); see also Hathaway, 318 F.3d at 1009 (concluding that "actual physical contact" can sustain a felony conviction under § 111(a)).  Even minor contact, such as "lay[ing] one's finger on another person without lawful justification" is forcible.  See Romero-Hernandez, 505 F.3d at 1088 (quoting Forcible, Black's Law

-9-

Dictionary (8th ed. 2004)). None of the cases upon which the Government relies, see Aplee. Br. at 45, sway us to hold otherwise.

In construing the minimum culpable conduct that could sustain a conviction under a particular statute, this court recently noted that we must consider whether there is a "realistic probability" that such conduct would satisfy the offense. United States v. Harris, 844 F.3d 1260, 1264 (10th Cir. 2017) (citing Moncrieffe v. Holder, 133 S. Ct. 1678, 1685 (2013)). At oral argument, the government conceded that it "would lose" if there existed cases in which less than physical force supported a § 111(a) felony conviction. Oral Argument at 20:11–20:59, United States v. Ama, No. 16-4039 (10th Cir. Mar. 23, 2017). Indeed, such cases do exist, as the following conduct has been deemed sufficient to sustain a conviction for a § 111(a) felony: spitting and throwing liquid substances on a federal employee, United States v. McIntosh, No. 16-3259, 2017 WL 343516, *1–2 (10th Cir. Jan. 24, 2017) (unpublished); chasing after and bumping into a federal employee so long as "some amount of force" is used, United States v. Fernandez, 837 F.2d 1031, 1035 (11th Cir. 1988); and jolting a federal employee's arm, again, so long as "some amount of force" is used, United States v. Sommerstedt, 752 F.2d 1494, 1495–96 (9th Cir. 1985).

In sum, "physical force," meaning *"violent* force — that is, force capable of causing physical pain or injury to another person" — is required for an offense to constitute a violent felony under the ACCA. Johnson I, 559 U.S. at 140. But

because mere forcible contact suffices to sustain a conviction for a § 111(a) felony, and forcible contact does not necessarily rise to the level of physical force as defined in Johnson I, a felony conviction under § 111(a) is not a violent felony under the ACCA. Because Mr. Ama does not have three prior convictions that give rise to the ACCA enhancement, we need not consider whether Mr. Ama's two other prior convictions are violent felonies under the ACCA.

Accordingly, we REMAND to the district court with instructions to vacate Mr. Ama's sentence and resentence him consistent with this order and judgment and the applicable statutory maximum of ten years. See 18 U.S.C. § 924(a)(2).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

-11-