**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RASHAD AKIM LEE,

    Defendant - Appellant.

No. 16-6288
(D.C. Nos. 5:15-CV-01038-C
5:09-CR-00347-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

    In 2009, Rashad Akim Lee was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The United States notified Mr. Lee that it intended to seek an enhanced penalty under the Armed Career Criminal Act (ACCA), which imposes a fifteen-year mandatory minimum prison sentence for those defendants who unlawfully possess a firearm following three or more convictions for serious drug offenses or violent felonies. 18 U.S.C. § 924(e)(1). The United States identified three

---

[*] Neither party has requested oral argument. After examining the briefs and appellate record, this panel agrees that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convictions as predicate ACCA offenses: one conviction for possession of cocaine with intent to distribute under Florida Statute § 893.13, and two convictions for resisting, obstructing, or opposing an officer with violence under Florida Statute § 843.01.

After Mr. Lee pled guilty, the U.S. Probation Office prepared a presentence report, which listed the same convictions as ACCA predicates. Mr. Lee objected. He argued that his convictions for resisting an officer with violence did not qualify as violent felonies under the ACCA. The district court overruled the objection and sentenced Mr. Lee to the ACCA's mandatory minimum sentence of 180 months' imprisonment. We affirmed the district court's ruling, holding that a conviction for resisting an officer qualified as a violent felony under the residual clause of the ACCA. *United States v. Lee*, 458 F. App'x 741, 746 (10th Cir. 2012).

Three years later, the Supreme Court struck the ACCA's residual clause as unconstitutionally vague. *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551 (2015). Based on this decision, which applies retroactively on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), Mr. Lee filed pro se a motion under 28 U.S.C. § 2255 to vacate his sentence. The district court denied the motion, ruling that Mr. Lee's convictions under § 843.01 still qualified as violent crimes, this time under the ACCA's elements clause. It did, however, grant a certificate of appealability, and Mr. Lee filed this timely appeal.

We review de novo whether a prior conviction qualifies as an ACCA violent felony. *United States v. Ridens*, 792 F.3d 1270, 1272 (10th Cir. 2015). "To determine if a prior conviction qualifies as a violent felony under the ACCA, we apply the categorical

approach, focusing on the elements of the crime of conviction, not the underlying facts." *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017). For § 843.01 to qualify as an ACCA violent felony under the categorical approach, it necessarily must have as an element the "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has described this as a "demanding requirement." *Shepard v. United States*, 544 U.S. 13, 24 (2005) (plurality opinion).

Physical force under the ACCA "means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States* (*Johnson I*), 559 U.S. 133, 140 (2010). It refers to "strong physical force," "a substantial degree of force," or "powerful force." *Harris*, 844 F.3d at 1265 (quoting *Johnson I*, 559 U.S. at 140). It suggests "violent, active crimes." *Id.* (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 11(2004) (emphasis omitted)). It does not include the "slightest offensive touching" that might sustain a conviction for common-law battery. *Johnson I*, 559 U.S. at 139.

Under the categorical approach, the court assumes that the state conviction "rested upon nothing more than the least of the acts criminalized." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks and brackets omitted). To determine "the minimum conduct criminalized by the state statute," *id.*, we look to how Florida courts have interpreted § 843.01. Decisions of the Florida Supreme Court are binding; decisions of Florida's intermediate appellate court "constitute the next best indicia of what state law is." *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016); *Harris*, 844 F.3d at 1264.

There appears to be only one Florida Supreme Court case on point, and it's an old one.  In *Johnson v. State*, 50 So. 529 (Fla. 1909), the Florida Supreme Court reviewed a conviction for "knowingly and willfully resisting, obstructing or opposing the execution of legal process, by offering or doing violence to the person of the officer."  *Id*. at 529.  (The current version of § 843.01 makes it a third-degree felony to "knowingly and willfully resist[ ], obstruct[ ], or oppose[ ] any officer. . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer.")  The court held that gripping an officer by the hand and preventing him from opening the door of a room was sufficient force to sustain a conviction.  It explained:

> The allegation that the defendant gripped the hand of the officer, and forcibly prevented him from opening the door for the purpose of making the arrest . . . , necessarily involves . . . an act of violence to the person of the officer while engaged in the execution of legal process.  The force alleged is unlawful, and as such is synonymous with violence. . . .

*Id*. at 530.

Since then, the Florida District Court of Appeal has held that the State established a "prima facie case" for resisting an officer with violence where the defendant "held onto [a] doorknob," refusing to let go, and "began wiggling and struggling, in an effort to free himself."  *State v. Green*, 400 So. 2d 1322, 1323–24 (Fla. Dist. Ct. App. 1981) (quotation marks omitted); *see also Wright v. State*, 681 So.2d 852, 853–54 (Fla. Dist. Ct. App. 1996) (holding that defendant's struggling, kicking, and flailing limbs was sufficient to support a § 843.01 conviction); *Miller v. State*, 636 So. 2d 144, 151 (Fla. Dist. Ct. App. 1994) (affirming case where defendant "scuffled" with police officers after he had been arrested, handcuffed, and placed in the back seat of the officers' patrol car); *Kaiser v.*

*State*, 328 So. 2d 570, 571 (Fla. Dist. Ct. App. 1976) (where defendant was convicted after a "scuffle" with a police officer). More recently, the Florida District Court of Appeal acknowledged that it was "undisputed that an act of violence occurred" where the defendant, fleeing from police officers, "put his truck in drive and sped off," and in doing so clipped an officer's hand with the truck's rearview mirror. *Yarusso v. State*, 942 So. 2d 939, 941 (Fla. Dist. Ct. App. 2006).

The United States maintains that *Green* should not skew our understanding of the "minimum conduct criminalized" by § 843.01, arguing that the decision "must be viewed in its appropriate appellate context—i.e., after the trial court's order of dismissal, in which the *Green* court had to view the evidence in the light most favorable to the state and draw inferences against the defendant." (Appellee's Br. at 13.) It is true the court said that the "ambiguity" of "wiggling and struggling" "prevents a determination by the trial court that Green's resistance was or was not, as a matter of law, with violence." *Green*, 400 So.2d at 1323. But the opinion did not end there.

The court continued: "Construed in the light most favorable to the state the facts"—i.e. "wiggling and struggling" —"establish a prima facie case of resisting arrest with violence." In this context, establishing a prima facie case means that "a reasonable jury could find the defendant guilty of the charged crime under the most favorable construction of the evidence." *State v. Benjamin*, 187 So. 3d 352, 354 (Fla. Dist. Ct. App. 2016) (emphasis omitted); *accord Prima Facie Case*, *Black's Law Dictionary* (10th ed. 2014) (defining "prima facie case" as "[a] party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor."). Thus, a

"favorable construction" by a "reasonable jury" of evidence that a defendant held onto a doorknob and "wiggled and struggled" during an arrest is enough to sustain a conviction under § 843.01. Even construing the facts in favor of the State, there are only so many reasonable inferences "wiggling and struggling" can be read to support. A reasonable jury could not, for example, construe "wiggling and struggling" to mean that there was a brawl.[1]

The next question is whether conduct like wiggling and struggling, *Green*, 400 So. 2d at 1323, or clipping an officer's hand with a rearview mirror while speeding off in a truck, *Yarusso*, 942 So. 2d at 941, constitutes the "use, attempted use, or threatened use of physical force" —that is, "violent force" —"against the person of another." We recently considered whether a comparable federal criminal statute that makes it unlawful to "forcibly assault[ ], resist[ ], oppose[ ], impede[ ], intimidate[ ], or interfere[ ] with" a federal employee or officer while he or she is performing official duties qualifies as a predicate ACCA offense. *United States v. Ama*, No. 16-4039, 2017 WL 1325247, at *4 (10th Cir. Apr. 11, 2017) (reviewing 18 U.S.C. § 111(a)). We began by noting that "an offense may be *forcible* even in the absence of physical force," i.e., violent force. *Id.*

---

[1] For this reason, we disagree with the Eleventh Circuit's decision to discount *Green* in holding that a conviction under § 843.01 is an ACCA predicate. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1249 (11th Cir. 2012). The Eleventh Circuit gave short shrift to *Green* for the same reason as the United States does here, i.e., the procedural posture. The court emphasized instead other Florida cases where defendants had engaged in more substantial, and more violent, conduct. *See Romo-Villalobos*, 674 F.3d at 1249 (citing cases). But, our job is not to find what kind of conduct is most routinely prosecuted, and evaluate *that*. Under the categorical approach, we consider only the "minimum conduct criminalized," not the typical conduct punished. *See Moncrieffe*, 133 S. Ct. at 1685.

(citing *United States v. Romero-Hernandez*, 505 F.3d 1082, 1089 (10th Cir. 2007)) (emphasis added). That is, "[e]ven minor contact, such as 'laying one's finger on another person without lawful justification' is forcible." *Id*. (quoting *Romero-Hernandez*, 505 F.3d at 1088) (brackets omitted). Next, we looked to what conduct had "been deemed sufficient to sustain a conviction for a § 111(a) felony: spitting and throwing liquid substances on a federal employee; chasing after and bumping into a federal employee so long as some amount of force is used; and jolting a federal employee's arm, again, so long as some amount of force is used." *Id.* (citations and quotation marks omitted). Based on this, we concluded that "mere forcible contact suffices to sustain a conviction for a § 111(a) felony," and that, accordingly, "a felony conviction under § 111(a) is not a violent felony under the ACCA." *Id*. at *5.

The Ninth Circuit came to a similar conclusion about Arizona's resisting-arrest offense, which is analogous to § 843.01. *United States v. Flores-Cordero*, 723 F.3d 1085, 1088 (9th Cir. 2013). The Arizona statute defines resisting arrest in relevant part as "[u]sing or threatening to use physical force against the peace officer or another." *Id*. at 1087. The Ninth Circuit relied on an Arizona Court of Appeals case where "the criminal prosecution was prompted by the defendant's struggle to keep from being handcuffed." *Id.* (citing *State v. Lee*, 176 P.3d 712, 713 (Arizona Ct. App. 2008)). There, the defendant had "jerked her arm away" from one arresting officer, "causing [the officer] to lose his balance," and the arresting officers and defendant "fell to the ground." *Lee*, 176 P.3d at 713. While the defendant "was on the ground she struggled to keep the officers from placing her arms behind her back before they finally handcuffed her. Once

handcuffed, [the defendant] kicked her legs, trying to prevent the officers from gaining control of her." *Id.* The Ninth Circuit found that this conduct "which could be characterized as a 'minor scuffle,' did not necessarily involve force capable of inflicting pain or causing injury as contemplated by the Supreme Court's definition of violence in [*Johnson I*]." *Flores-Cordero*, 723 F.3d at 1088. Accordingly, it held, the statute "cannot be considered categorically a crime of violence." *Id.*

Furthermore, there does not seem to be an appreciable difference, for the purpose of the ACCA, between wiggling and struggling during an arrest and struggling and grabbing during a robbery, which we have recognized does not arise to the requisite level of force. *See, e.g.*, *United States v. Nicholas*, No. 16-3043, 2017 WL 1429788, at *4 (10th Cir. Apr. 24, 2017) (discussing with approval *United States v. Bell*, 840 F.3d 963, 964–67 (8th Cir. 2016), where the Eighth Circuit held that bumping a victim and yanking her purse after a "slight struggle" was conduct "falling short of violent force"); *cf. United States v. Thomas*, 849 F.3d 906, 909 (10th Cir. 2017) (distinguishing between a push and "an aggressive" push for a robbery conviction under the Hobbs Act, which requires "violent force").

This is a close call. Often, the application of the ACCA's mandatory minimum of fifteen years' imprisonment turns on parsing near-synonyms in decades-old opinions, opinions whose authors did not contemplate that such a loss of liberty would depend on whether the offense conduct was characterized as a bump or a jolt or a shove, or something more. Having compared the minimum culpable conduct criminalized by § 843.01 to similar forcible conduct deemed not to involve *violent* force, we conclude that a

conviction under § 843.01 does not qualify as an ACCA predicate.  Conduct like "wiggling and struggling," "scuffling" during an arrest, and clipping an officer's hand while fleeing does not involve "a substantial degree of force"—that is, violent force—"against the person of another," but is instead more akin to struggling to keep from being handcuffed, *Flores-Cordero*, 723 F.3d at 1088, pushing the shoulder of a store clerk during a robbery and causing the clerk to fall onto overstock shelves, *Gardner*, 823 F.3d at 804, chasing after and bumping into an individual with some degree of force, *Ama*, 2017 WL 1325247 at *4, or snatching a purse from a victim's arm, *Nicholas*, 2017 WL 1429788 at *4.  Therefore, consistent with those opinions, we hold that a conviction under § 843.01 does not qualify as an ACCA predicate, and we **REVERSE** and **REMAND** for further proceedings.

Entered for the Court


Monroe G. McKay
Circuit Judge