FILED
United States Court of Appeals
Tenth Circuit

July 10, 2015

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RYAN RIDENS,

Defendant-Appellant.

No. 14-3221

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 2:13-CR-20021-JWL-1)**

---

*Submitted on the Briefs*:

Melanie S. Morgan, Morgan Pilate LLC, Kansas City, Missouri, for Appellant.

James A. Brown, Assistant United States Attorney (Barry R. Grissom, United States Attorney, with him on the brief), Office of the United States Attorney, Topeka, Kansas, for Appellee.

---

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

After pleading guilty to a gun offense, Ryan Ridens received the fifteen-year mandatory-minimum sentence enhancement established by the Armed Career

Criminal Act (ACCA) for certain felons with three or more prior convictions for "violent felon[ies]" or "serious drug offense[s]." 18 U.S.C. § 924(e)(1). He claims, however, the district court erred in imposing the enhancement because (1) a burglary conviction used to trigger the sentence should not have counted as a "violent felony" because there was insufficient proof that it was a qualifying burglary within the meaning of the ACCA, and (2) triggering the mandatory minimum with the judicially found fact of his three prior qualifying convictions violated the Sixth Amendment.

But there is ample proof the burglary conviction was a qualifying burglary. The conviction was based on a "generically limited charging document"—*i.e.*, one that "narrowed the charges to the generic limit," *Shepard v. United States*, 544 U.S. 13, 17, 21 (2005), and, because Ridens pleaded guilty to a charging document that described the elements of a generic burglary conviction, he committed a qualifying violent felony. And, as he concedes, his Sixth Amendment challenge is foreclosed by Supreme Court precedent.

Thus, exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we AFFIRM.

## I. Background

The relevant facts are straightforward. Ridens pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). After finding Ridens had three prior felony convictions for either a violent felony or serious

drug offense, the district court applied the ACCA enhancement at sentencing. Ridens objected to the characterization of a past Kansas burglary conviction as a violent felony and to the use of judge-found facts to trigger an enhanced sentence.[1]

## II. Analysis

### A. *Kansas Burglary Conviction*

We review de novo "whether a defendant's prior conviction qualifies as a violent felony under the ACCA." *United States v. Cartwright*, 678 F.3d 907, 909 (10th Cir. 2012). The ACCA establishes a fifteen-year mandatory-minimum sentence for any defendant who unlawfully possesses a firearm after three or more convictions for either "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The statute explicitly lists burglary as a qualifying violent felony. *Id.* § 924(e)(2)(B)(ii). Because Ridens only attacks the district court's determination that the Kansas burglary conviction was a qualifying violent felony, the only question is whether that burglary conviction indeed qualifies.

This analysis is simple when a state's definition of burglary fits the "generic" definition of burglary—"an unlawful or unprivileged entry into, or

---

[1] Ridens's recommended Sentencing Guidelines range was 188 to 235 months, which was premised on his status as an armed career criminal under 18 U.S.C. § 924(e). *See* USSG § 4B1.4; R., Vol. III at 14. Ridens ultimately received a 188-month sentence, and only argues here that the court wrongly concluded the burglary was a violent felony supporting an ACCA enhancement.

remaining in, a building or other structure, with intent to commit a crime." *United States v. Trent*, 767 F.3d 1046, 1053 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 1447 (2015). In such cases, we apply the "categorical approach, which looks only at the elements of the statute under which the defendant was convicted." *Id.* at 1052 (internal quotation marks omitted). The inquiry ends if the definition tracks the generic definition.

Complications may arise when burglary is defined differently and more broadly than that generic definition—that is, the definition is "divisible." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). These definitions "set[] out one or more elements of the offense in the alternative—for example stating that burglary involves entry into a building *or* an automobile." *Id.* At the time of Ridens's conviction, Kansas defined burglary as "knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony therein." Kan. Stat. Ann. § 21-3715 (1981). Accordingly, this burglary conviction "cannot as a categorical matter provide a basis for enhancement under the ACCA." *Cartwright*, 678 F.3d at 912.

Instead, we apply a "modified categorical approach" to "identify, from among several alternatives, the crime of conviction" for comparison to "the generic offense" to determine whether this particular conviction qualifies.

*Descamps*, 133 S. Ct. at 2285. Because the conviction arose from a guilty plea, we ask whether the "plea of guilty to burglary defined by a nongeneric statute necessarily admitted [the] elements of the generic offense." *Shepard*, 544 U.S. at 26. In answering that question, we may look to a variety of documents, including "charging documents, plea agreements," and "transcripts of plea colloquies." *Cartwright*, 678 F.3d at 912. Often, a helpful document will be a "statement of factual basis for the charge . . . shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard*, 544 U.S. at 20.

But it suffices if a defendant pleaded guilty to a "generically limited charging document"—*i.e.*, one that "narrowed the charges to the generic limit." *Id.* at 17, 21; *see also United States v. Tucker*, 703 F.3d 205, 216 (3d Cir. 2012) (noting that "the details of a generically limited charging document . . . in any sort of case are sufficient to establish a predicate" (internal quotation marks omitted)); *United States v. Vinton*, 631 F.3d 476, 486 (8th Cir. 2011) ("A precisely drawn charging document can indicate the basis for conviction . . . ."); *In re Sealed Case*, 548 F.3d 1085, 1092 (D.C. Cir. 2008) (observing that "if [the charging document] *were* generically limited, we would look no further"); *cf. Cartwright*, 678 F.3d at 912 n.1 (stating consulting further documents may be

unnecessary "where the court can determine from the charging document and judgment that a defendant was convicted of generic burglary").

Because Ridens pleaded guilty to a charging document that "narrowed the charges to the generic limit," *Shepard*, 544 U.S. at 17, his conviction was a "generic" burglary conviction. Count III of the amended information charged that Ridens "unlawfully, willfully, feloniously, knowingly and without authority enter[ed] into a building, to-wit: a residence . . . with the intent to commit a theft or a felony therein." R., Vol. IV at 4. According to Ridens's petition to enter a guilty plea and the case's Journal Entry, he pleaded guilty to Count III. *See id.* at 8 (petition to enter guilty plea); *see also id.* at 10 (journal entry noting Ridens "entered a plea of Guilty to the charges contained in the Information of Burglary . . . as charged in Count III of the Information"). Moreover, the journal entry's description of Ridens as having pleaded guilty to the crime "as charged in . . . the Information," *id.*, further indicates Ridens "necessarily admitted" that he entered a building with the requisite criminal intent.

Ridens raises two objections to this conclusion. First, he disagrees that a plea to a generically limited information ends the inquiry. *See* Reply Br. at 5 (arguing the demands of the modified categorical approach are only satisfied "by reference to the generically limited charging document *and* one or more . . . other types of . . . evidence"). He is incorrect. "[T]he details of a generically limited charging document [will] do" to prove a plea "necessarily rested on the fact

identifying the burglary as generic." *Shepard*, 544 U.S. at 21 (internal quotation marks omitted). It would make little sense to emphasize that the absence of "a charging document that narrows the charge to generic limits" means "the only certainty of a generic finding lies in [various other documents]" unless the presence of such a document *could* provide that certainty. *See id.* at 25 (plurality opinion); *see also United States v. Hood*, 774 F.3d 638, 646 (10th Cir. 2014) (applying modified categorical approach to information that charged defendant committed crime in one of two ways and concluding that "if both ways qualify as a violent felony, Hood necessarily [admitted committing] a violent felony" by pleading guilty (internal quotation marks omitted)).

Second, Ridens attacks the journal entry as lacking any "hint of the factual basis of [his] plea," Aplt. Br. at 14, which is an argument that builds on his assumption that his plea to the generically limited information is insufficient. Working from that assumption, he asserts the journal entry cannot support the enhancement because it does not contain the "individual and particularized facts [that] support[ed] [his] plea." *Id.* at 15–16 (arguing the journal entry fails because it "memorializes none of the substantive admissions of the defendant"). But, because the generically limited information is in fact sufficient, we need not opine on the level of detail a journal entry requires to show a defendant's plea "necessarily admitted elements of the generic offense," *Shepard*, 544 U.S. at 26. While a document like a plea colloquy containing the particularized facts of the

prior offense may suffice for that purpose, it is not necessary. A generically limited charging document will do, as long as the defendant clearly pleaded guilty to those generically limited terms.[2]

No doubt, all we know about the burglary is what is reported in the information, Ridens's petition to enter his guilty plea, and the corresponding journal entry. But the modified categorical approach requires no more—it focuses "on the elements, rather than the facts, of a crime," *Descamps*, 133 S. Ct. at 2285. *Shepard* makes clear that in the right circumstances, a "generically limited charging document" can provide the requisite proof of those elements. *Shepard*, 544 U.S. at 21. If this charging document is not sufficiently limited, it is hard to see what would be.

Accordingly, the district court properly counted the Kansas burglary conviction against Ridens for ACCA purposes.

### B. Sixth Amendment Challenge

Ridens also claims the Sixth Amendment precluded the district court from resting the mandatory minimum on the judicially found fact of his past

---

[2] Thus, Ridens's observation that facts in some judicial documents "may be downright wrong," *Descamps*, 133 S. Ct. at 2289, is off point. The Court was only noting that "amplifying but legally extraneous circumstances" of past cases cannot later be used against defendants for ACCA purposes, since a later court cannot be sure the defendant was indeed responsible for acts "irrelevant to the crime charged." *See id.* at 2288–89; *id.* at 2289 (noting defendants may have "little incentive to contest facts that are *not elements of the charged offense*" (emphasis added)). By pleading guilty to a generically limited burglary charge, Ridens assented to the existence of facts that were far from legally extraneous.

convictions. He relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which extended the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the mandatory-minimum context in holding that "[a]ny fact that, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155 (internal quotation marks omitted). Because mandatory minimums "increase the penalty for a crime," *id.*, Ridens argues a jury had to find the fact of his prior convictions. But Supreme Court precedent bars this argument. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Court held that the fact of a prior conviction need not be submitted to a jury and proved beyond a reasonable doubt to serve as the basis for enhancing a defendant's sentence. *See id.* at 226–27, 247. *Almendarez-Torres* survived *Apprendi*, *see Apprendi*, 530 U.S. at 489–90, and *Alleyne* explicitly declined to revisit the question, *see Alleyne*, 133 S. Ct. at 2160 n.1.

Accordingly, Ridens's Sixth Amendment challenge fails.

## III. Conclusion

For the foregoing reasons, we AFFIRM Ridens's sentence.