**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PETER ANTONIO TUBENS,

Defendant - Appellant.

No. 17-4011
(D.C. Nos. 2:15-CV-00659-TC and
2:11-CR-00579-TC-1)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

On June 7, 2011, Peter Antonio Tubens was traveling on a Greyhound bus when it stopped at a truck stop for a scheduled passenger break. During the stop, two Utah Highway Patrol agents, with the help of their drug dogs, discovered several pounds of methamphetamine in Tubens' carry-on luggage.[1] He was arrested, but released from custody. The next month, Tubens and his then-attorney met with an FBI agent in Philadelphia where Tubens lived. He admitted to having traveled to Las Vegas, Nevada, and receiving methamphetamine from his father-in-law's former drug source. He was

---

[1] For a full account of the search, see *United States v. Tubens*, 765 F.3d 1251 (10th Cir. 2014).

returning to Philadelphia via bus when caught.

He was indicted with possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Upon conviction he was sentenced to 20 years imprisonment, the mandatory minimum.[2] We affirmed on direct appeal. *See United States v. Tubens*, 765 F.3d 1251 (10th Cir. 2014).

He filed a pro se 28 U.S.C. § 2255 motion,[3] claiming his trial counsel was ineffective for three reasons: (1) counsel failed to sufficiently advise him concerning the benefits of pleading guilty and the consequences of his prior convictions; (2) counsel should have negotiated a lower sentence in light of a memorandum issued by then-Attorney General Eric Holder (the Holder memorandum) which directed prosecutors not to charge the quantity of drugs needed to trigger mandatory minimum sentences if the

---

[2] The mandatory minimum sentence for Tubens' offense is 10 years. *See* 21 U.S.C. § 841(b)(1)(A). However, the mandatory minimum is increased to 20 years if the defendant has a prior conviction for a felony drug offense and to life imprisonment if he has two or more such convictions. *Id.* Prior to trial, the government claimed Tubens had two prior felony drug offenses—one from the State of New Jersey and the other from the Southern District of Texas—exposing him to a life sentence. The presentence report agreed. Tubens objected, arguing his two prior felony drug convictions involved the same conduct, which was prosecuted by both the State of New Jersey and the federal government. *See United States v. Beckstrom*, 647 F.3d 1012, 1017-18 (10th Cir. 2011) (stating two prior felony drug offense convictions must arise from separate "criminal episodes" in order to be used to increase the mandatory minimum under § 841(b)(1)(A); prior convictions arise from separate criminal episodes if, among other things, the second conviction arises "from a criminal act distinct from the acts supporting the first conviction"). As a result, he argued he had only one prior felony drug offense conviction, subjecting him to a mandatory minimum sentence of 20 years. The government agreed because it could not confirm that the convictions involved different conduct.

[3] We have liberally construed his pro se pleadings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

defendant satisfied certain criteria; and (3) counsel was deficient for not interviewing and investigating other bus passengers and failing to challenge the methamphetamine's purity or the government's failure to provide a chemist as a witness on purity so he could cross-examine him.[4]  The judge denied the motion.

She decided the first claim was belied by the record.  Counsel informed her prior to trial that Tubens had rejected a potential plea offer of 20 years.[5]  Moreover, both Tubens' lead counsel and his local counsel submitted affidavits saying they were concerned about a potential life sentence due to his prior convictions and informed him multiple times of the benefits of entering a negotiated plea.  He insisted on going to trial.  In the alternative, the judge concluded he could not show prejudice because the potential plea offer was 20 years, the sentence he received.  *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012) (when a defendant rejects a plea offer based on counsel's faulty advice, he must show, *inter alia*, that the "sentence . . . under the offer's terms *would have been less severe* than under the . . . sentence that in fact [was] imposed" to establish he was prejudiced by the faulty advice) (emphasis added).

With regard to counsel's failure to use the Holder memorandum, the judge decided counsel's representation did not "f[a]ll below an objective standard of reasonableness"

---

[4] Tubens amended his § 2255 motion to raise two additional ineffective assistance of counsel claims—counsel should have (1) contested the searching officer's failure to advise him of his *Miranda* rights and (2) challenged the use of one of his prior felony drug offense convictions as too old.  The judge denied both claims.  We need not address them because he does not raise them in his application for a certificate of appealability.

[5] The prosecutor informed Tubens and his counsel that she was considering a 20-year plea offer but had not yet received official approval to make the offer.  She never pursued approval, however, because Tubens rejected the offer.

because the memorandum was not issued until four days <u>after</u> Tubens' sentencing. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.").

Finally, on the last claim, the judge decided Tubens could not show prejudice. He provided <u>no evidence</u> suggesting the result of the proceeding would have been different had counsel performed these tasks, especially in light of his admission of guilt to the FBI agent in Philadelphia. *Id*. at 695 (to establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Tubens wants to appeal from the denial of his § 2255 motion,[6] but he did not request a certificate of appealability (COA) from the district judge. He seeks one from this Court.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional

_____

[6] The judge entered judgment on November 28, 2016. Tubens had 60 days or until January 27, 2017, to file his notice of appeal. *See* Fed. R. Civ. P. 4(a)(1)(B)(i) (stating a notice of appeal in a civil case must be filed within 60 days of entry of judgment if the United States is a party). He did not file his notice of appeal until January 30, 2017. However, the envelope containing the notice of appeal is postmarked January 27, 2017, and contains the appropriate postage. Under the recent amendments to the prison mailbox rule, *see* Fed. R. App. P. 4(c)(1)(A)(ii), this is sufficient to confer jurisdiction over this putative appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

right." 28 U.S.C. § 2253(c)(2). To make such a showing, Tubens must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). He has not met his burden.

With one exception, he reiterates verbatim the arguments raised in his § 2255 motion. He makes no attempt to show how the judge erred in deciding his claims. He simply says the government did not respond to and the judge did not decide all of his claims. That is simply not true. Although they discussed some of his claims together, the government addressed and the judge resolved all of them. And, for the reasons given by the judge, no reasonable jurist could debate the propriety of the denial of these claims.

The one exception is a new argument in his COA application. He says counsel was ineffective for failing to insist upon the government proving his prior felony drug conviction beyond a reasonable doubt. He relies on *Alleyne v. United States*, where the Supreme Court held the Sixth Amendment requires any fact increasing a mandatory minimum sentence to be submitted to a jury. --- U.S. ---, 133 S. Ct. 2151, 2155 (2013).

We normally do not consider claims raised for the first time in a COA application. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012); *see also Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."). However, the proper resolution of his *Alleyne* claim is clear. *Singleton*, 428 U.S. at 121 (an issue may be resolved for the first time on appeal "where the proper resolution is beyond any doubt"). In *Almendarez-*

- 5 -

*Torres v. United States*, the Supreme Court held the fact of a prior conviction need not be submitted to a jury and proved beyond a reasonable doubt to serve as the basis for enhancing a defendant's sentence. 523 U.S. 224, 226-27 (1998). In *Alleyne*, the Supreme Court explicitly declined to revisit *Almendarez-Torres*. 133 S. Ct. at 2160 n.1; *see also United States v. Ridens*, 792 F.3d 1270, 1274 (10th Cir.) (recognizing that *Almendarez–Torres* survived *Alleyne*), *cert. denied*, 136 S. Ct. 494 (2015). The use of Tubens' prior conviction to increase the mandatory minimum sentence from 10 years to 20 years did not violate the Sixth Amendment.

We **DENY** the request for a COA and **DISMISS** this matter.

The district judge denied Tubens' request to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*).[7] He has renewed his *ifp* request with this

---

[7] The payment of filing and docketing fees is required in nearly all appeals, criminal as well as civil. *See* 18 U.S.C. §§ 1913, 1917. However, there is an important exception; we excuse <u>prepayment</u> of fees so there is no forfeiture of <u>potentially meritorious</u> appeals because of a person's impecunious circumstances. Frivolous appeals are not among those so excused because, by definition, they are not potentially meritorious. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (Congress enacted § 1915(a) "to ensure that indigent litigants have meaningful access to the federal courts"; however, at the same time it recognized "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"); *see also DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (to proceed *ifp* on appeal, "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.") (emphasis added).

We take notice when a district judge certifies that the appeal "is not taken in good faith" (i.e., is frivolous). 28 U.S.C. § 1915(a)(3). In this case, the judge did not make the good faith finding. Instead, she denied Tubens' *ifp* motion on procedural grounds—he had not requested a COA under 28 U.S.C. § 2253(c). A formal COA request should have been filed with the district court, but Tubens did file a notice of appeal, which constitutes

- 6 -

Court.  Since we have fully addressed his COA application, his request to proceed *ifp* on appeal is **DENIED AS MOOT**.  The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of fees; only prepayment of fees is excused.[8]  Because we have reached the merits in this matter, prepayment of fees is no longer an issue.  All filing and docketing fees ($505.00) are due and payable to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

a request for a COA under our local rules.  *See* 10th Cir. R. 22.1(A).

[8] *See* 28 U.S.C. § 1915(a) (allowing courts to authorize the commencement of a civil or criminal suit or appeal "without *prepayment* of fees or security thereof") (emphasis added).  Even those with appointed counsel under the Criminal Justice Act (CJA) are not excused from paying filing and docketing fees.  *See* 28 U.S.C. § 3006A(d)(7) (allowing a criminal defendant who has CJA appointed counsel to appeal "without *prepayment* of fees and costs or security therefor") (emphasis added).