**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HAROLD LEE HARBERT,

    Defendant - Appellant.

No. 17-6246
(D.C. No. 5:17-CR-00101-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Harold Lee Harbert pleaded guilty to one count of being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Harbert's plea agreement

contained a waiver of appellate rights, with an exception to appeal from a judicial

determination that he is subject to the terms of the Armed Career Criminal Act,

18 U.S.C. § 924(e) (ACCA). Relying on that exception, Mr. Harbert appeals from

the district court's determination that his Oklahoma first-degree robbery conviction

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

qualifies as a "violent felony" under ACCA. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Following the entry of his guilty plea, the probation department prepared a presentence report in which it recommended that Mr. Harbert be sentenced as an armed career criminal under ACCA because he had three previous convictions that required an enhanced sentence—two Oklahoma convictions for possession with intent to distribute a controlled substance and one conviction for Oklahoma first-degree robbery in 1995. *See* § 924(e)(1) ("In the case of a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, . . . such person shall be . . . imprisoned not less than fifteen years").[1] The district court overruled Mr. Harbert's objection that the 1995 Oklahoma robbery conviction was not a "violent felony," and sentenced him to 188 months' imprisonment, followed by a five-year term of supervised release. This appeal followed.

## STANDARD OF REVIEW

"We review de novo whether a defendant's prior conviction qualifies as a violent felony under the ACCA." *United States v. Ridens*, 792 F.3d 1270, 1272 (10th Cir. 2015) (internal quotation marks omitted).

---

[1] There is no dispute that Mr. Harbert's two Oklahoma convictions for possession with intent to distribute a controlled substance are "serious drug offense[s]" that are properly considered as predicate convictions in determining whether Mr. Harbert should be sentenced under ACCA. *See* 18 U.S.C. § 924(e)(1).

2

## ANALYSIS

The issue on appeal is whether Mr. Harbert's Oklahoma first-degree robbery conviction is a "violent felony" under ACCA's elements clause. *See* § 924(e)(2)(B)(i) (A violent felony is "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another."). We apply the categorical approach, "[t]o determine if a prior conviction qualifies as a violent felony under the ACCA." *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017), *cert. denied*, 138 S,Ct. 1438 (2018).

Under the categorical approach, "a state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (brackets, ellipses, and internal quotation marks omitted). In other words, to qualify as a "violent felony" under ACCA, Oklahoma's 1995 first-degree robbery statute must have as an element, the "use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). In turn, physical force under ACCA "means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

According to Mr. Harbert, Oklahoma's 1995 first-degree robbery statute did not have as an element the "violent force" required under *Johnson* to qualify as a "violent felony." Specifically, Mr. Harbert argues that "[t]he only force that was

3

necessary to commit Oklahoma first-degree robbery in 1995 was force sufficient to overcome the victim's resistance to the taking. So long as the force overcame the victim's resistance, the *degree* of force was 'immaterial.'" Aplt. Opening Br. at 1 (emphasis added).

We agree with the government that Mr. Harbert's argument is foreclosed by the Supreme Court's recent decision in *Stokeling v. United States*, --- U.S. ---, 139 S. Ct. 544 (2019). "'[P]hysical force,' or 'force capable of causing physical pain or injury' includes the amount of force necessary to overcome a victim's resistance." *Id*. at 555 (citation omitted). Therefore, "[c]onstruing the language of the elements clause in light of the history of ACCA and our opinion in *Johnson* . . . ,we conclude that the elements clause encompasses robbery offenses that require the criminal to overcome the victim's resistance." *Id*. at 550.

## CONCLUSION

Mr. Harbert's sentence is affirmed. We grant Mr. Harbert's motion to submit the case on the briefs.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

4