FILED
United States Court of Appeals
Tenth Circuit

December 12, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENON CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL DARRYL HARDEN,

Defendant-Appellant.

No. 19-1179
(D.C. Nos. 1:18-CV-01319-WJM
and 1:16-CR-00218-WJM-1)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

Appellant Michael Harden, representing himself pro se, seeks a certificate of
appealability to appeal the district court's denial of his 28 U.S.C. § 2255 habeas motion.

Appellant pled guilty to violating 18 U.S.C. § 924(c)(1)(A) by using a firearm
during and in relation to a crime of violence, specifically "the crime of Bank Robbery, in
violation of 18 U.S.C. § 2113(a)."  (R. vol. I at 78.)  On May 30, 2017, he was sentenced
to a term of imprisonment of 84 months.

On May 29, 2018, Appellant filed a timely § 2255 motion in which he argued that

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his conviction and sentence should be vacated because they might have been based on "the now unconstitutionally vague § 924(c)(3)(B) Residual 'Risk of Force' Clause." (*Id.* at 129.) The district court denied his motion on several grounds, including the ground that bank robbery under § 2113(a) is categorically a crime of violence without reference to the invalidated residual clause because it has as an element the use, attempted use, or threatened use of force. *See United States v. McCranie*, 889 F.3d 677 (10th Cir. 2018).

In his motion for a certificate of appealability, Appellant argues that, because § 2113(a) may be committed by entering a bank with the intent to commit larceny, which does not have as an element the use of force, his conviction under § 924(c) may have been unconstitutionally based on the residual clause rather than the elements clause. However, § 2113(a) is divisible, including both bank robbery by force, violence, or intimidation and the separate offense of entering or attempting to enter a bank building with intent to commit a felony or larceny. *See United States v. Rinker*, 746 F. App'x 769, 772 (10th Cir. 2018). Under the "modified categorical approach," we may look to the charging documents and written plea agreement to determine which portion of this divisible statute formed the basis for Appellant's conviction. *United States v. Ridens*, 792 F.3d 1270, 1272 (10th Cir. 2015). Here, these documents make clear that the underlying crime that formed the basis for Appellant's § 924(c) conviction was bank robbery by force, violence, and intimidation. And this portion of § 2113(a) is categorically a crime of violence under the elements clause. *See McCranie*, 889 F.3d at 679–81.

Appellant also argues that, because the trial court did not explain which § 924(c) clause it relied on, the rule of lenity and the Due Process Clause require us to vacate his conviction and sentence because there is a possibility that the court might have relied on the now-invalidated residual clause even though it could have permissibly based his conviction on the force clause. However, we have rejected the argument that a defendant need only show that the district court "could have relied on the residual clause." *United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018) (internal quotation marks omitted). Rather, "the burden is on the defendant to show by a preponderance of the evidence—*i.e.*, that it is more likely than not—" that the court relied on the residual clause. *Id.* Appellant's argument that either clause could have applied at the time of his conviction and sentencing is insufficient to carry this burden.

We are persuaded that reasonable jurists would not debate the district court's decision to deny Appellant's habeas motion. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal. Appellant's motion for leave to proceed *in forma pauperis* on appeal is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

-3-